IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICHOLAS WELLS, # 207770, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 2:16cv780-WKW |
| KENNETH PETERSON, *et al.*, | ) ) ) |
| Respondents. | ) ) |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

The petitioner, Nicholas Wells ("Wells"), has filed what he styles as a Petition for Writ of Mandamus (Doc. No. 11) in which he asks this court to order the Clerk of the Circuit Court of Covington County, Alabama, to provide him with copies of his 2004 trial and sentencing transcripts in "case no. CC-03-414.12 and 3." *See* Doc. No. 11 at 4.

**DISCUSSION**

Wells seeks mandamus relief compelling action by the Clerk of the Circuit Court of Covington County, Alabama. However, federal courts are without jurisdiction to issue writs compelling action by city or state officials in the performance of their duties where mandamus is the relief sought. *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Because this court has no mandamus jurisdiction over the Clerk of the

Circuit Court of Covington County, it lacks authority to grant the mandamus relief requested by Wells. Consequently, the Petition for Writ of Mandamus should be denied.

To the extent Wells's instant filing may be construed as a Motion for Production of documents, it is ORDERED that such motion (Doc. No. 11) is DENIED, because Wells fails to demonstrate a need for the requested documents.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Petition for Writ of Mandamus (Doc. No. 11) be DENIED.

To the extent this filing may be construed as a Motion for Production of documents, it is ORDERED that the Motion for Production (Doc. No. 11) is DENIED.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 29, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders,*

*Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 15th day of December, 2016.

                                      /s/ Wallace Capel, Jr.
                                  UNITED STATES MAGISTRATE JUDGE