IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS WELLS, # 207770, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv780-WKW |
| | ) | [WO] |
| KENNETH PETERSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

Through a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 23, 2016, Nicholas Wells ("Wells) challenges convictions entered against him in two cases in the Circuit Court of Covington County, Alabama.  Doc. No. 1.[1]  The first set of convictions challenged by Wells comprises convictions imposed against him for three counts of unlawful distribution of a controlled substance following a jury trial in the Covington Circuit Court in March 2004 in Case No. CC-03-414.[2]  The second set of convictions challenged by Wells comprises convictions imposed against him for breaking

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Wells was sentenced as a habitual offender to concurrent terms of 35 years in prison for each controlled substance conviction.  *See Wells v. White, et al.*, Civil Action No. 2:12cv274-TMH (M.D. Ala. 2014).

and entering a vehicle and first-degree receipt of stolen property pursuant to a guilty plea entered in the Covington Circuit Court in March 2005 in Case No. CC-02-417.[3]

For the reasons that follow, to the extent Wells challenges his controlled substance convictions in Case No. CC-03-414, his petition is a successive petition subject to dismissal because it was filed without preauthorization from the Eleventh Circuit Court of Appeals. And to the extent Wells challenges his convictions for breaking and entering a vehicle and receipt of stolen property Case No. CC-02-417, his petition is time-barred under AEDPA's one-year limitation period.[4]

## II.   DISCUSSION

### A.   Controlled Substance Convictions: Covington Circuit Court Case No. CC-03-14

Wells has filed a previous habeas corpus petition under 28 U.S.C. § 2254 challenging his March 2004 controlled substance convictions in Covington Circuit Court Case No. CC-03-414.  The instant § 2254 petition represents Wells's second attempt in this court at challenging those convictions.  Wells's previous § 2254 petition, which he filed in this court in February 2012, was denied and dismissed with prejudice on July 16, 2014. *See Wells v. White, et al*., Civil Action No. 2:12cv274-TMH (M.D. Ala. 2014).

---

[3] Wells was sentenced as a habitual offender to concurrent terms of 15 years in prison for his convictions for breaking and entering a vehicle and first-degree receipt of stolen property.  Doc. No. 9-1 at 2–4.

[4] Rule 2(e), Rules Governing Section 2254 Cases, prohibits an inmate from filing a habeas petition challenging judgments "of more than one state court."  Wells may join his challenges of the separate judgments in one petition because they originated from the same state court, the Circuit Court of Covington County, Alabama.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[5]  28 U.S.C. § 2244(b)(3)(B) & (C).

---

[5] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Wells furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition challenging his March 2004 controlled substance convictions.  "Because this undertaking [is a successive] habeas corpus petition and because [Wells] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).

Consequently, to the extent Wells is challenging his controlled substance convictions in Covington Circuit Court Case No. CC-03-414, his § 2254 petition should be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

**B.   Convictions for Breaking and Entering a Vehicle and Receipt of Stolen Property: Covington Circuit Court Case No. CC-02-417**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for § 2254 petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the

4

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In Covington Circuit Court Case No. CC-02-417, Wells pleaded guilty on March 18, 2005, to charges of breaking and entering a vehicle and first-degree receipt of stolen property. On that same date, the trial court sentenced Wells to concurrent terms of 15 years in prison. *See* Doc. No. 9-1 at 2–4. Wells did not appeal. Nor did he file a state post-conviction petition challenging these convictions.

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Because Wells filed no direct appeal, his conviction in Covington Circuit Court Case No. CC-02-417 became final on April 29, 2005—42 days after his March 18, 2005 sentencing—because that was the date on which direct review could no longer be pursued. *See* Ala. R. App. P. 4(b)(1) (criminal defendants

5

in Alabama must file notice of appeal within 42 days after sentencing); *Bridges v. Johnson,* 284 F.3d 1201, 1202 (11th Cir. 2002). Under § 2244(d)(1)(A), then, Wells had until May 1, 2006 (the first business day after April 29, 2009), to file a § 2254 petition in this court, absent statutory or equitable tolling.

Because Wells filed no state post-conviction petition challenging his convictions in Case No. CC-02-417, he does not receive the benefit of any tolling under § 2244(d)(2) of AEDPA. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"). Further, nothing in Well's § 2254 petition supports running AEDPA's one-year limitation period from the dates in 28 U.S.C. § 2244(d)(1)(B), (C) or (D). There is no evidence that an unlawful state action impeded Wells from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Wells submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D). Wells also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

For Wells, then, AEDPA's one-year limitation period to challenge his convictions in Case No. CC-02-417 expired on May 1, 2006. Wells filed his § 2254 petition on September 23, 2016—over 10 years after expiration of the limitation period.

In rare circumstances, the federal limitation period may be equitably tolled on grounds besides those specified in the habeas statute where a petitioner "shows '(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Wells makes no argument and brings forth no evidence demonstrating that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitation period.

Finally, Wells makes a conclusory claim that he is actually innocent of the offenses to which he pleaded guilty in Case No. CC-02-417. Doc. No. 12 at 13. AEDPA's statute of limitations may be overcome by a credible showing by a petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324. Wells does nothing more than assert he is actually innocent. He points to no "new reliable evidence" that, if previously presented, make it "more likely than not that no reasonable jury would have found [him]

guilty beyond a reasonable doubt." *Id*. at 324 & 327.  He wholly fails to sustain his claim of actual innocence.

For the reasons set forth above, to the extent Wells is challenging his convictions for breaking and entering a vehicle and first-degree receipt of stolen property in Covington Circuit Court Case No. CC-02-417, his petition is time-barred under AEDPA's one-year limitation period, and his claims on these convictions are not subject to habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent Wells's § 2254 petition challenges his controlled substance convictions in Covington Circuit Court Case No. CC-03-414, his petition should be DISMISSED as successive under the provisions of 28 U.S.C. § 2244(b)(3)(A), because he failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

2. To the extent Wells's § 2254 petition challenges his convictions for breaking and entering a vehicle and first-degree receipt of stolen property in Covington Circuit Court Case No. CC-02-417, his petition should be DENIED and this case DISMISSED with prejudice, because he failed to file his petition within the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation on or before June 26, 2018.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections

will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of June, 2018.

    /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE